Burke and Scileppi, JJ.
The order of this court granting leave to appeal should be vacated. An ex parte application for an order for eavesdropping is criminal in nature (Code Crim. Pro., § 813-a). It always has been the rule that unless there is a provision in the Code of Criminal Procedure permitting an application in connection with, or an appeal from, an order of a criminal nature, no review may be had. There is, of course, no provision in the Code of Criminal Procedure which allows an application to be made to the Appellate Division in connection with any such orders. Therefore, the Appellate Division had no jurisdiction to entertain in the first instance the application addressed to the orders for eavesdropping under CPLR 5704 (subd. [a]). As this is a criminal matter, under our Constitution and statutes relief cannot be authorized by that section. The Appellate Division should have dismissed the proceeding rather than have denied relief. The petitioner having been indicted now may move to suppress evidence illegally secured (Code Crim. Pro., § 813-e; CPLR 4506).
The appellate courts as a matter of first impression may not intervene in the course of an investigation where, as here, orders were obtained, a judicial officer had already determined the propriety of the methods sought to be used by the law enforcement agency, and there exist adequate means of review of that determination. For if the appellant’s premises were the subject of an eavesdrop order he is protected, as a citizen, by the requirements of section 813-a, and as a defendant in a criminal case he is protected by statute (CPLR 4506) and Constitution (Mapp v. Ohio, 367 U. S. 643 [1961]; Silverman v. United States, 365 U. S. 505 [1961]).